# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-0834** (Wood County 09-F-173)

**Sanford Kidd,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sanford Kidd, by counsel William Summers, appeals the Circuit Court of Wood County's order entered on June 5, 2012, which denied petitioner's motion for reconsideration of his sentence. Respondent State of West Virginia, by counsel Andrew Mendelson, has filed its response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 18, 2009, a Wood County Grand Jury indicted petitioner on six counts of second degree sexual assault and three counts of malicious assault. Following discovery, petitioner pled guilty to one count of the lesser included offense of unlawful assault and one count of the lesser included offense of first degree sexual abuse. Pursuant to the plea agreement, the remaining charges were dismissed. The circuit court sentenced petitioner to a term of incarceration of one to five years, with credit for 227 days for unlawful assault and a term of incarceration of one to five years, with no credit for time served for first degree sexual abuse, said sentences to run consecutively. Additionally, petitioner was ordered to undergo HIV tests, DNA analysis, register as a sex offender for the duration of his life, and ten years of supervised release. On June 5, 2012, the circuit court denied petitioner's motion for reconsideration of his sentence.

On appeal, petitioner argues that his Rule 35(b) motion should have been granted because he has little to no criminal history, has essentially been a model citizen all his life, was sixty-two years old at the time of his sentencing, and the sentence is shocking and disproportionate to the crime. The State argues that petitioner's sentence was within statutory limits, was not based on any impermissible factors, and he received a significant reduction in his potential exposure through his plea agreement.

1

This Court has adopted the following standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). Additionally, this Court has held that, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). However, this Court has held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Upon review of the record, the circuit court sentenced petitioner within the statutory limit for first degree sexual abuse pursuant to West Virginia Code § 61-8B-7 and unlawful assault pursuant to West Virginia Code § 61-2-9. Further, the sentences were not based on an impermissible factor, and are not shocking or disproportionate. Therefore, under the facts of this case, petitioner's sentence is not found to be excessive, and we find no error in the circuit court's order.

For the foregoing reasons, we affirm the circuit court's decision.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II